UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEATHER WINSLOW BARR, | CASE NO. C19-1534JLR |
| Petitioner, | ORDER |
| v. | |
| JOSEPH STANLEY PIGOTT, | |
| Respondent. | |

## I.    INTRODUCTION

Before the court is a motion from Petitioner Heather Winslow Barr that the court construes as a motion to remand and enter a vexatious litigant order against Respondent Joseph Stanley Pigott.  (Mot. (Dkt. # 7).)  Mr. Pigott did not file an opposition to the motion.  (*See generally* Dkt.)  Having considered Ms. Barr's submission, the appropriate

//

//

//

portions of the record, and the relevant law, the court GRANTS in part and DENIES in part Ms. Barr's motion.[1]

## II.     BACKGROUND

On September 25, 2019, Mr. Pigott filed a notice of removal in this court, attaching a petition for divorce that was filed by Ms. Barr in 2017 in King County Superior Court.  (*See* Not. of Removal (Dkt. ## 1-2, 4); Divorce Pet. (Dkt. ## 1-3, 1-4, 4-1, 4-2.)  This is the second time in four months that Mr. Pigott has attempted to remove Ms. Barr's divorce petition to the Western District of Washington.  *See Barr v. Pigott*, No. C19-0682RSM (W.D. Wash.), Dkt. ## 1, 1-2.  In the first case, the court issued an order to show cause why the action should not be remanded for lack of subject matter jurisdiction.  *See id.* Dkt. # 15.  Ms. Barr responded to the court's order to show cause with a motion to remand for lack of subject matter jurisdiction.  *See id.* Dkt. # 17.  The court granted Ms. Barr's motion, remanded the petition for divorce back to King County Superior Court, and awarded Ms. Barr fees and costs under 28 U.S.C. § 1447(c) after finding that "[Mr. Pigott] removed this case without any comprehensible basis in law and has not substantively defended the decision to do so."  *See id.* Dkt. # 28.

## III.     ANALYSIS

The same problems that plagued Mr. Pigott's first attempt at removal are present here, too.  As the court has already concluded once before, Mr. Pigott has not articulated a basis for this court's subject matter jurisdiction over Ms. Barr's divorce petition.  *See*

---

[1] Ms. Barr did not request oral argument (*see* Mot. at 1), and the court finds it unnecessary for the disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1   *id.*  Mr. Pigott claims that the court has original jurisdiction over this case because it

2   arises under "a Treaty of Morocco and the United States of America, Commonly known

3   as the Moorish American Treaty of Peace & Friendship of 1787 and the United States

4   Constitution of 1789."  (Not. of Removal at 1-2.)  Despite this allegation, the state court

5   pleading that Mr. Pigott attempts to remove is a divorce petition that does not appear to

6   raise federal questions.  (*See id.*; Divorce Pet.); *see also Caterpillar Inc. v. Williams*, 482

7   U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is

8   presented on the face of the plaintiff's properly pleaded complaint." (citing *Gully v. First*

9   *Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).  Moreover, Mr. Pigott had an opportunity to

10   respond to Ms. Barr's motion to remand but chose not to do so (*see generally* Dkt.),

11   which the court construes as an admission that Ms. Barr's motion has merit, *see* Local

12   Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a

13   motion, such failure may be considered by the court as an admission that the motion has

14   merit.").  Thus, the court finds that it lacks subject matter jurisdiction over this case and

15   concludes that remand is warranted.

16       Ms. Barr also requests that this court "impose terms."  (Mot. at 1.)  In an order

17   remanding a case, the court "may require payment of just costs and any actual expenses,

18   including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

19   "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only

20   where the removing party lacked an objectively reasonable basis for seeking removal."

21   *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).  In exercising its discretion to

22   award fees under § 1447(c), the court must consider "the desire to deter removals sought

1   for the purpose of prolonging litigation and imposing costs on the opposing party, while

2   not undermining Congress' basic decision to afford defendants a right to remove as a

3   general matter, when the statutory criteria are satisfied." *See id.*

4       As was the case the last time Mr. Pigott frivolously removed this case, the court

5   finds an award of costs against Mr. Pigott for Ms. Barr's expenses in removing this action

6   to be a necessary or just result under § 1447(c). *See Barr v. Pigott*, No. C19-0682RSM,

7   Dkt. # 28. Mr. Pigott removed this case for the second time in four months without any

8   comprehensible basis in law and has not substantively defended the decision to do so.

9   Moreover, given that the court has already remanded this action once, the court finds that

10   Mr. Pigott's removal was done in bad faith. Accordingly, Mr. Pigott shall pay to Ms.

11   Barr the costs associated with defending this action in this court.

12       Ms. Barr also asks the court to enter a vexatious litigant order against Mr. Pigott

13   that requires that he "obtain prior approval before filing any additional removal actions."

14   (*See* Mot. at 10.) The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with

15   the inherent power to enter pre-filing orders against vexatious litigants. *Molski v.*

16   *Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although the court

17   agrees with Ms. Barr that Mr. Pigott's actions appear to be part of a "malicious

18   scheme . . . to impede the efficient operation of the state court system" (Mot. at 9-10), the

19   court is not willing to enter a vexatious litigant order against Mr. Pigott at this time.

20   Vexatious litigant orders should be rare and generally require a finding that a litigant

21   engaged in "[f]lagrant abuse of the judicial process." *See De Long v. Hennessey*, 912

22   F.2d 1144, 1148 (9th Cir. 1990). Mr. Pigott's conduct in twice removing the same

divorce petition is on the verge of crossing that threshold, and the court warns Mr. Pigott that he should not try to remove this matter a third time. But on this record, the court concludes that a vexatious litigant order is not warranted.

## IV. CONCLUSION

For the reasons set forth above, Ms. Barr's motion to remand and enter a vexatious litigant order against Respondent Joseph Stanley Pigott (Dkt. # 7) is GRANTED in part and DENIED in part. This case is REMANDED to the Superior Court of Washington in and for King County. The court also ORDERS that Ms. Barr is entitled to fees and costs under 28 U.S.C. § 1447(c). No later than fourteen (14) days from the filing date of this order, Ms. Barr may file a supplemental motion for attorney's fees, limited to six (6) pages, and supported by documentary evidence reflecting the amount of reasonable fees and costs Ms. Barr seeks. Within seven (7) days of the filing date of Ms. Barr's motion, Mr. Pigott may file a response addressing only the reasonableness of the fees and costs requested. The response is also limited to six (6) pages. No reply is permitted. Finally, Ms. Barr's request for entry of a vexatious litigant order is DENIED.

The court DIRECTS the Clerk to close this case and to assign any future notices of removal of Ms. Barr's divorce petition filed by Mr. Pigott to the undersigned judge.

Dated this 21st day of November, 2019.

JAMES L. ROBART
United States District Judge